**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Stacey Lee, | | CASE NUMBER |
| | | |
| v. | PLAINTIFF(S) | 5:26-cv-01334-SSS-DTBx |
| | | |
| National Credit Adjusters, LLC, | | **ORDER ON REQUEST TO PROCEED** |
| | | ***IN FORMA PAUPERIS*** |
| | DEFENDANT(S) | **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.      ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☒ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

    ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
    ☐ The action is frivolous or malicious.
    ☐ The action fails to state a claim upon which relief may be granted.
    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☒ Within 30 days of the date of this Order, the filer must do the following:

Plaintiff must file an Amended Complaint.  See the attached statement.

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| March 24, 2026 | Sunshine S. Sykes |
| Date | United States District Judge |

On March 19, 2026, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. [Dkts. 1, 2]. Plaintiff brings this action against Defendant under the Fair Credit Reporting Act ("FCRA") and state law. [Dkt. 1].  Plaintiff alleges jurisdiction based on a federal question.  Id. at 1.  Defendant allegedly violated the FCRA by accessing Plaintiff's consumer report without a permissible purpose, in violation of 15 U.S.C. § 6181b(f).  Id. at 3.  Plaintiff seeks damages.  Id. at 4.

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff has not stated a federal claim, she is ordered to file an Amended Complaint if she wishes to proceed.

The FCRA provides that a person shall not use or obtain a consumer report for any purpose unless the purpose is authorized under the statute.  See Nayab v. Cap. One Bank (USA), N.A., 942 F.3d 480, 488 (9th Cir. 2019) (citing 15 U.S.C. § 1681b(f)).  To state a claim, "[a] plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report" without a permissible purpose. Id. at 493.  Here, Plaintiff's Complaint raises only conclusory allegations that are similar to those from previous FCRA suits she filed (against other Defendants) that the Court previously warned Plaintiff were deficient.  "[I]t is not enough to recite the permissible purposes enumerated in FCRA and then allege in conclusory terms, as Plaintiff has done here, that Defendant obtained Plaintiff's credit report 'without a permissible purpose.'"  Lee v. Jefferson Capital Systems LLC, 2024 WL 4472257, at *2 (C.D. Cal. Sept. 30, 2024).  "This allegation is conclusory and hardly 'puts forward factual assertions which negative each permissible purpose for which [Defendant] could have obtained her credit report and for which [Lee] could possibly have personal knowledge[.]'" Lee v. Financial Recovery Services, 2024 WL 5439275, at *3 (C.D. Cal. Nov. 14, 2024) (quoting Nayab, 942 F.3d at 496-97).

Moreover, it is possible that Defendant is a debt collection agency.  See Cortes v. National Credit Adjusters, LLC, 2017 WL 3284797, at *1 (E.D. Cal. Aug. 2, 2017) (noting that National Credit Adjusters, LLC, was a debt collector); see also Pyle v. First Nat. Collection Bureau, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012) ("Based on Defendant's name, Defendant appears to be a collection agency.").  "Courts have been especially skeptical of [FCRA] claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt."  Hennessey v. Radius Global Solutions LLC, 2024 WL 5119824, at *6 (W.D. Wash. Dec. 16, 2024) (citing cases).  Because Defendant possibly is a debt collection agency, Plaintiff should be able to allege that "Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity."  Pyle, 2012 WL 1413970, at *3; see also Nayab, 942 F.3d at 496 (Plaintiff stated a claim where she alleged, among other things, that she did not have any existing credit accounts that were subject to collection efforts by Defendant).

If Plaintiff wishes to proceed, she will file an Amended Complaint in 30 days.  The Amended Complaint will be complete in itself and will not refer to the initial Complaint.  The Amended Complaint should not add parties or claims.  The Amended Complaint will state a plausible claim under the FCRA.  The failure to file an Amended Complaint, or the filing of an Amended Complaint without the required allegations, will result in the dismissal of this action.

*(attach additional pages if necessary)*