Stacey Lee

staceylee121281@gmail.com

1800 E Old Ranch Rd Apt 126

Colton, CA 92324

213-278-2243

Plaintiff in Pro SE

FILED

CLERK, U.S. DISTRICT COURT

04/01/2026

CENTRAL DISTRICT OF CALIFORNIA

BY____mba____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Stacey Lee,

      Plaintiff

    vs.

National Credit Adjusters, LLC

      Defendant(s).

Case No.:5:26-cv-01334-SSS-DTB

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681b)**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §§ 1681p, 1681b(f), and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391b(2) as a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim has occurred in this District. Defendant, National Credit Adjusters, LLC., transacts business within the State of California.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

_____
(page number)

_____
(title of pleading)

## PARTIES

3. Plaintiff Stacey Lee ("Plaintiff") is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), resides in Colton, CA.

4. Defendant National Credit Adjusters, LLC ("NCA"), is a Kansas Corporation with its principal place of business: 327 West 4th Avenue, Hutchinson, KS 67501.

5. At all relevant times, Defendant obtained and used consumer credit reports in the course of its business activities.

## FACTUAL ALLEGATIONS

6. On or around January 31, 2026, Plaintiff obtained a copy of her TransUnion Consumer Report from annualcreditreport.com and discovered the Defendant has accessed her consumer credit report.

7. Specifically, TransUnion identified an inquiry by Defendant dated April 19, 2025, which Defendant labeled as a "regular" or "hard" inquiry.

8. Plaintiff never granted Defendant authorization to obtain her credit report and never had any prior or existing business relationship with Defendant.

9. Plaintiff has never owed any debt or other financial obligation to Defendant or to any entity Defendant represents.

10. Plaintiff has never applied for credit, employment, insurance, or any service with Defendant.

11. Plaintiff did not initiate any transaction or business relationship that would authorize Defendant to access her credit report under any permissible purpose listed in 15 U.S.C. § 1681b(a).

12. Accordingly, Defendant obtained Plaintiff's credit report without a permissible purpose under the FCRA.

13. Plaintiff first learned of this unauthorized access on January 31, 2026, upon reviewing her TransUnion report.

Form prepared by Public Counsel.
© 2012, 2014, 2023 Public Counsel.
All rights reserved.
Revised: October 2023

2

(page number)

(title of pleading)

14. As a direct result of Defendant's improper access, Plaintiff suffered emotional distress, anxiety, and a loss of privacy. Plaintiff also spent time investigating and monitoring her credit to safeguard her information.

## CAUSE OF ACTION – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (VIOLATION OF 15 U.S.C. § 1681b(f), §§ 1681n, 1681o)

15. Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. The FCRA prohibits any person from using or obtaining a consumer report except for specific, authorized purposes set forth in 15 U.S.C. § 1681b(a).

17. Defendant obtained Plaintiff's consumer report from TransUnion on or about April 19, 2025, without a permissible purpose as defined by the FCRA.

18. Defendant's conduct was willful and/or negligent, in reckless disregard for Plaintiff's FCRA rights.

19. As a result of Defendant's actions, Plaintiff suffered actual damages including emotional distress and the invasion of her privacy.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

1. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1) for emotional distress and related harm;

2. Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

3. Punitive damages under 15 U.S.C. § 1681n(a)(2) for Defendant's willful violation;

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

3

(page number)

(title of pleading)

4. Declaratory judgment that Defendant violated Plaintiff's rights under the FCRA, 15 U.S.C. § 1681b(f);

5. Injunctive relief prohibiting Defendant from accessing Plaintiff's consumer reports without consent or a lawful purpose;

6. Costs and reasonable attorney's fees as permitted under 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 1, 2026

Stacey Lee

Plaintiff in Pro Se

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

4

(page number)

(title of pleading)